MARY J. SHAW v. S. F. HOLLOWAY ET AL.

No. 2295.

**Sale Under Trust Deed—Inadequacy of Price—Setting Aside.**

Plaintiff, having purchased certain blocks of land forming part of a larger platted tract, without actual knowledge of a duly recorded trust deed on such tract, brought an action to set aside a subsequent sale of the tract made by the trustee, and to redeem therefrom on the ground that the sale was made in bulk and for an inadequate consideration. The trust deed authorized a sale in bulk, in the discretion of the trustee, and the evidence showed that the property, while it would have sold for more if it had been sold at private sale, and time been taken to find purchasers, would not likely, at a public sale made in lots and parcels, have realized more than at the sale made in bulk. Held, plaintiff was not entitled to the relief sought.

APPEAL from Tarrant.    Tried below before Hon. W. D. HARRIS.

*J. C. Scott*, for appellant.—Plaintiff, as Archer's vendee, has a right to maintain this suit to set aside the trustee's sale. James v. Jacques, 26 Texas, 323; Strickland v. Hardwick, 77 Texas, 195; Miller v. Koertge, 70 Texas, 165; Jones on Mortgages, secs. 1906, 1909; 20 Am. & Eng. Ency. Law, 615; Gage v. Brewster, 31 N. Y. (Tiffany), 220.

*Robt. G. Johnson*, for appellees.—Merely a low price obtained, unaccompanied with irregularities in the sale by a trustee, is not sufficient ground for setting the sale aside. Jones v. Pratt, 77 Texas, 211; Chase v. Bank, 1 Texas Civ. App., 599; Larned v. Greer, 139 Mass., 31; 26 Am. & Eng. Ency. Law, 952, 953; Devlin, on Deeds, sec. 428.

STEPHENS, ASSOCIATE JUSTICE.—This appeal involves the right of appellant to have a certain trustee's sale of real estate set aside and the property resold. The sale was made on the first Tuesday in August, 1893, at the courthouse door of Tarrant County, within the usual hours.

Appellee Holloway was the purchaser at this sale, and the beneficiary of the deed of trust under which it was made. This trust deed had been duly executed by W. A. Archer, the owner of the property, and recorded in August, 1892, to secure a loan made to him by appellee Holloway of two thousand dollars, naming appellee Johnson trustee. It thus described the property covered by it: "All that part of the Seburn Gilmore 319 acres survey in Tarrant County, Texas, known as W. A Archer's Addition to the City of Fort Worth, lying, as shown on the map of said addition, east of Central avenue, and comprising blocks Nos. 2, 3, 6, 7, 12, 13, 16, 17, 22, 23, 24, 25, 26, 27, 30, 31, 32, 33, 34, 35, 46, 47, 48, 49, 50, 51, 54, 55, 56, 57, 58, 59, 68, 69, 70, 71, 72 and 73, and all of our right, title and interest in the surrounding and intervening streets and alleys, as appears on the plat of said addition, containing in all 108 acres of land." It provided for a sale by the trustee upon default in the payment at maturity of the debt which it secured, and provided that a failure to meet at maturity any payment of interest, which was payable semi-annually, would mature the principal; making it the duty of the trustee, in such event, at the request of the beneficiary, to proceed to sell, after giving notice as required in judicial sales.

After default in the payment of interest, before the principal debt would otherwise have been due, at the request of the beneficiary, the trustee made the sale, as above indicated, and conveyed the property to appellee Holloway, in consideration of her bid of $100.

November 5, 1892, Archer conveyed twenty-five of the above described blocks to appellant, who had no actual notice of the deed of trust, which, however, was then of record in Tarrant County. Her deed was duly recorded January 30, 1893, though at the date of the trustee's sale appellees had no actual notice of its existence; nor did they learn of the existence of the trust deed till after the sale thereunder.

The trustee sold the property in bulk and not in parcels, and upon this ground, mainly, appellant insists that the sale was irregular and should, in view of the inadequate price, be set aside. She offered to pay the amount of the bid, together with the expenses of the sale, and to do whatever else might reasonably and equitably be required of her.

The court held the sale to be regular, and denied her any relief. Among other conclusions of fact supporting this judgment were the following:

"5. The property in question, while platted into blocks and lots, and in about two miles north of the northern limits of the city of Fort Worth, is rough, with very little improvements, and is not and was not settled upon or occupied at date of trust deed or trustee's sale.

"6. The property would have sold for more if sold in blocks than

to have sold in bulk, if it had been sold at private sale and time had been taken to find purchasers, which would have required a great length of time, as well as some uncertainty of finding purchasers at all for all of it.

"7. As to whether a sale of the property in lots and blocks at public sale would have caused the property to bring more than when sold in bulk, is very uncertain; and it is very probable that no bidders at that time would have been found for either lots or blocks of the land.

"10. The property, if now offered at private sale and in blocks, part on time, could be disposed of in a reasonable time for more than the amount of the note secured by the deed of trust. But if sold at public sale in lots or blocks, it is not likely that more would be offered for the same than the amount of said debt, unless it be by some one who had some special purpose in running up the bids."

As the sufficiency of the evidence to sustain these conclusions is not challenged by any assignment of error in the brief, they must be accepted as conclusive here. So accepting them, we find no merit in the contention that appellant is now entitled to have the sale set aside because it was made in bulk and not by the block or parcel. The rules on this subject are very clearly stated in 1. Devlin on Deeds, section 411, and 2 Jones on Mortgages, sections 1857, 1858, 1859.

The deed of trust, as we construe it, left it entirely to the discretion of the trustee whether he would sell in bulk or in parcels, and as we cannot say from the above quoted conclusions that his discretion was exercised arbitrarily and to the prejudice of appellant, she must take the consequences of her own laches in acquiring title to property so encumbered as that the law required her to take notice thereof in time to avoid the disastrous effect of a public sale.

The inadequacy of price complained of is of little or no concern to her, since she is not liable for the rest of the mortgage debt. Archer is insolvent, and does not complain. Other questions are presented in the briefs, but we do not deem it important to discuss them.

Upon the conclusions of fact contained in the record, we affirm the judgment.

*Affirmed.*

Delivered April 4, 1896.

Writ of error refused